IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**José M. Pérez-Pagán**
Petitioner

v.

**Civil No. 15-1102 (DRD)**

**Nelson Mercado-Quiñones, et al.**
Respondents

**OPINION & ORDER**

José M. Pérez-Pagán ("Petitioner") was convicted in a local Puerto Rico court of first degree murder and weapons charges, which resulted in a sentence of 129 years of imprisonment. *See* Docket No. 1, p. 4. This action comes to the Court by way of 28 U.S.C. § 2254. The Secretary of Justice ("Respondent") has filed a motion to dismiss the petition for, *inter alia*, failure to comply with the applicable statute of limitations. *See* Docket Nos. 13 and 27. For the reasons set forth below, the Court hereby **GRANTS** Respondent's motion and **DISMISSES** the instant petition.

**I.   STATUTE OF LIMITATIONS UNDER 28 U.S.C. § 2254**

The Antiterrorism and Effective Death Penalty Act of 1996 has instituted a statute of limitations on petitions seeking relief under § 2254. These timeliness requirements are found in § 2244(d):

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized

by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

It should be noted that "Section 2244(d)(2) does not reset the clock on the limitations period . . . , but merely stops it temporarily, until the relevant applications for review are ruled upon." *Trapp v. Spencer*, 479 F.3d 53, 58-59 (1st Cir. 2007) (citing *Cordle v. Guarino*, 428 F.3d 46, 48 n. 4 (1st Cir. 2005) and *Dunker v. Bissonnette*, 154 F.Supp.2d 95, 103 (D.Mass.2001)). "Section 2244(d)(2) only stops, but does not reset, the [Antiterrorism and Effective Death Penalty Act] clock from ticking and cannot revive a time period that has already expired." *Cordle*, 428 F.3d at 48 n. 4 (citing *Dunker*, 154 F.Supp.2d at 103 (D.Mass.2001)).

Although not expressly included in § 2244(d), it is well settled that this statute of limitations "is subject to equitable tolling in appropriate cases." *See Holland v. Florida*, 560 U.S. 631, 645 (2010). This is due to the fact that "the [Antiterrorism and Effective Death Penalty Act] statute of limitations defense ... is not jurisdictional." (internal quotations omitted). *Id.* (citing *Day v. McDonough*, 547 U.S. 198, 205 (2006)). Therefore, as is the case with other nonjurisdictional federal statute of limitations, there is a "rebuttable presumption in favor of equitable tolling." (internal quotations omitted). *Id.* (citing *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 95–96 (1990)). Further, the Supreme Court squarely held that, with respect to Antiterrorism and Effective Death Penalty Act statute of limitations, the "presumption" has not been "rebutted." *Id.* at 649 ("[W]e conclude that

neither [the Antiterrorism and Effective Death Penalty Act's] textual characteristics nor the statute's basic purposes 'rebut' the basic presumption set forth in *Irwin*. And we therefore join the [eleven] Courts of Appeals in holding that § 2244(d) is subject to equitable tolling.").

"We have previously made clear that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Further, equitable tolling aside, this statute of limitations may be overcome if the "demanding" "actual-innocence standard" is met. *McQuiggin v. Perkins,* 133 S.Ct. 1924, 1936 (2013) (citing *Schlup v. Delo*, 513 U.S. 298 (1995)). The Supreme Court phrased this daunting standard in two different ways: (1) "[t]o invoke the miscarriage of justice exception to [the Antiterrorism and Effective Death Penalty Act's] statute of limitations . . . , a petitioner 'must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence,'" *Id.* at 1935 (citing *Schlup*, 513 U.S. at 327), and (2) "[t]he gateway should open only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error,'" *Id.* at 1936 (citing *Schlup,* 513 U.S. at 316).

## II.   TIMELINESS CALCULATION

### A. Start Date

Petitioner states that he was sentenced on June 4, 2009.  *See* Docket No. 1-1, pp. 1-2.  Under Puerto Rico law, Petitioner had 30 days from the date of sentence to appeal

his conviction. *See* Puerto Rico Rule of Criminal Procedure 194; Puerto Rico Rule of Appellate Procedure 23(A). Therefore, the deadline for Petitioner to have sought direct review was July 6, 2009.[1] Petitioner acknowledges that no appeal was filed. *See* Docket No. 1-1, p. 2. Thus, pursuant to § 2244(d)(1)(A), July 6, 2009, is to be the starting date for the statute-of-limitations calculation.[2]

## B. End Date

It is beyond debate that the end date for this timeliness calculation is the date in which Petitioner filed the instant § 2254 action before this Court. Therefore, February 4, 2015, is the applicable end date.[3] *See* Docket No. 1. Between the start date (July 6, 2009) and end date (February 4, 2015) there are 2,039 days. Therefore, without the aid of substantial tolling, this petition is clearly time barred.

## C. Tolling Under 28 U.S.C. § 2244(d)(2)

Petitioner filed a pro se motion for new trial under Puerto Rico Rule of Criminal Procedure 192.1. It must be emphasized that motions under Rule 192.1 are a form of collateral attack. *See generally* Puerto Rico Rule of Criminal Procedure 192.1. As such, pursuant to § 2244(d)(2), the time in which this motion is pending "shall not be counted toward any period of limitation under this subsection." Hence, the date in which this motion was filed constitutes the next date of significance. Petitioner does not, however, include a filing date for this motion. Nevertheless, by using Petitioner's allegations along

---

[1] To be technical, the term would actually have expired on July 4, 2009. However, because this date falls on a Saturday, the Court will use the next working day to conduct its calculation. Of course, this act is in Petitioner's favor.

[2] The Court has not been given any indication that any other § 2244(d)(1) subsection would apply to the instant fact pattern.

[3] In Petitioner's favor, the Court uses the date of signature (February 4, 2015) rather than the date of filing (February 5, 2015).

with the official court documents provided by Respondent, the Court is able to overcome this obstacle.

The petition—which is filed under penalty of perjury—states that Petitioner filed only *one* motion for collateral relief, which was taken all the way to the Puerto Rico Supreme Court. *See* Docket No. 1, pp. 5-8. Though, it would appear that this assertion is fallacious. *See* Docket No. 27. The Court need not, however, dwell on Petitioner's apparent dishonesty as the petition would still be untimely regardless of which combination of excludable dates is to be used. To be safe, the Court is using the filing date of the earliest motion for collateral relief and the notification date of the latest denial by the Puerto Rico Supreme Court. This methodology guarantees Petitioner the maximum amount of excludable days in this statute-of-limitations calculation. With these caveats in mind, the Court proceeds.

The first motion for collateral relief was filed on November 6, 2009. *See* Docket No. 27-1 (translated official court document). Thus, pursuant to § 2244(d)(2), the statute of limitations was tolled on said date. The next step is for the Court to determine when this tolling period ended. For this date, as previously adverted to, the Court will use the notification date of the latest denial of collateral relief: February 20, 2014.[4] *See* Docket No. 27-11, pp. 2-4 (untranslated official court document).[5]

Therefore, there are 1,568 excludable days from November 6, 2009, to February 20, 2014. Hence, subtracting 1,568 (the number of excludable days) from 2,039 (the total

---

[4] In Petitioner's best interest, the Court uses the notification date (February 20, 2014) instead of the decision date (February 14, 2014).

[5] Pursuant to Local Rule 5(g), the Court will require the translation of this document within the next 21 days.

number of days) yields 471 non-excludable days, which is still way over the 365-day deadline. As such, in order for this petition to be deemed timely, Petitioner is forced to show that equitable tolling is merited or that the actual-innocence exception applies.

### D. No Equitable Tolling

At the outset, the Court must note that no equitable-tolling argument has been offered by Petitioner. Nevertheless, in an abundance of caution and in the interests of justice, the Court proceeds to scrutinize the case from this perspective. As previously established, in order for the Court to equitably toll the statute of limitations under § 2244(d), Petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." (internal quotations omitted). *Holland*, 560 U.S. at 649 (citing *Pace*, 544 U.S. at 418). Petitioner stumbles on both prongs.

First, Petitioner failed to answer Respondent's contention that this petition is time barred. *See* Docket No. 29 (ordering Petitioner to respond to Respondent's timeliness argument). Thus, Petitioner has eschewed any attempt to carry the equitable-tolling burden. And second, Petitioner's degree of tardiness (106 days at best) is substantial. Indeed, it is difficult to imagine an "extraordinary circumstance" in this case that would merit tolling of this magnitude, especially when it has not been argued. Therefore, equitable tolling is not justified.

### E. Failure to Meet Actual Innocence Standard

As was the case in the previous subsection, Petitioner has never invoked any actual-innocence argument. Yet, the Court analyzes its applicability for the sake of justice. By the Supreme Court's own admission, this standard is "demanding." *McQuiggin,* 133

number of days) yields 471 non-excludable days, which is still way over the 365-day deadline. As such, in order for this petition to be deemed timely, Petitioner is forced to show that equitable tolling is merited or that the actual-innocence exception applies.

### D. No Equitable Tolling

At the outset, the Court must note that no equitable-tolling argument has been offered by Petitioner. Nevertheless, in an abundance of caution and in the interests of justice, the Court proceeds to scrutinize the case from this perspective. As previously established, in order for the Court to equitably toll the statute of limitations under § 2244(d), Petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." (internal quotations omitted). *Holland*, 560 U.S. at 649 (citing *Pace*, 544 U.S. at 418). Petitioner stumbles on both prongs.

First, Petitioner failed to answer Respondent's contention that this petition is time barred. *See* Docket No. 29 (ordering Petitioner to respond to Respondent's timeliness argument). Thus, Petitioner has eschewed any attempt to carry the equitable-tolling burden. And second, Petitioner's degree of tardiness (106 days at best) is substantial. Indeed, it is difficult to imagine an "extraordinary circumstance" in this case that would merit tolling of this magnitude, especially when it has not been argued. Therefore, equitable tolling is not justified.

### E. Failure to Meet Actual Innocence Standard

As was the case in the previous subsection, Petitioner has never invoked any actual-innocence argument. Yet, the Court analyzes its applicability for the sake of justice. By the Supreme Court's own admission, this standard is "demanding." *McQuiggin,* 133

number of days) yields 471 non-excludable days, which is still way over the 365-day deadline. As such, in order for this petition to be deemed timely, Petitioner is forced to show that equitable tolling is merited or that the actual-innocence exception applies.

### D. No Equitable Tolling

At the outset, the Court must note that no equitable-tolling argument has been offered by Petitioner. Nevertheless, in an abundance of caution and in the interests of justice, the Court proceeds to scrutinize the case from this perspective. As previously established, in order for the Court to equitably toll the statute of limitations under § 2244(d), Petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." (internal quotations omitted). *Holland*, 560 U.S. at 649 (citing *Pace*, 544 U.S. at 418). Petitioner stumbles on both prongs.

First, Petitioner failed to answer Respondent's contention that this petition is time barred. *See* Docket No. 29 (ordering Petitioner to respond to Respondent's timeliness argument). Thus, Petitioner has eschewed any attempt to carry the equitable-tolling burden. And second, Petitioner's degree of tardiness (106 days at best) is substantial. Indeed, it is difficult to imagine an "extraordinary circumstance" in this case that would merit tolling of this magnitude, especially when it has not been argued. Therefore, equitable tolling is not justified.

### E. Failure to Meet Actual Innocence Standard

As was the case in the previous subsection, Petitioner has never invoked any actual-innocence argument. Yet, the Court analyzes its applicability for the sake of justice. By the Supreme Court's own admission, this standard is "demanding." *McQuiggin,* 133

S.Ct. at 1936 (citing *Schlup*, 513 U.S. 298).  The Court encloses, at the expense of repetition, the two ways in which the Supreme Court has phrased this standard: (1) "[t]o invoke the miscarriage of justice exception to [the Antiterrorism and Effective Death Penalty Act's] statute of limitations . . . , a petitioner 'must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence,'" *Id.* at 1935 (citing *Schlup*, 513 U.S. at 327), and (2) "[t]he gateway should open only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error,'" *Id.* at 1936 (citing *Schlup,* 513 U.S. at 316).

Petitioner has failed to meet this rigorous standard for the same reasons why equitable tolling was rejected.  First, Petitioner ignored Respondent's statute-of-limitations argument.  *See* Docket No. 29 (ordering Petitioner to respond to Respondent's timeliness argument).  Needless to say, this demanding actual-innocence standard cannot be met *sub silencio*.  Further, the unsupported assertions contained in the petition, without more, fall way short of showing that there is "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial."[6]  Second, given that Petitioner's failure to comply with the statute of limitations is so egregious (a delay of 106 days at best), the Court finds it especially unlikely that the exceptional actual-innocence standard should apply.  *See Id.* ("We have explained that untimeliness, although not an unyielding ground for dismissal of a petition, does bear on the credibility of evidence proffered to show actual innocence.").  As such, the application of the actual-innocence standard is unwarranted.

---

[6] Petitioner's most notable claim is that his trial attorney "failed to bring essential defense witness[es] to testify at trial" who "would have testified that [Petitioner] was not guilty of the crimes for which he was ultimately convicted."  However, assertions alone—especially when lacking explanation and are not properly placed into context—are simply not enough to meet this "demanding" standard.

### III.     DECISION

For all of the foregoing reasons, the Court hereby **GRANTS** Respondent's motion and **DISMISSES** the instant petition **WITH PREJUDICE**.  Even when using the most Petitioner-friendly formulation of dates, the petition is still filed 106 days after the expiration of the statute of limitations contained in 28 U.S.C. § 2244(d).  In addition, Petitioner has proffered no argument or evidence that would require a finding of equitable tolling or the invocation of the actual-innocence exception.

It is further ordered that no certificate of appealability be issued in the event that Petitioner files a notice of appeal because there is no "substantial showing of the denial of a constitutional right" within the meaning of 28 U.S.C. § 2253(c)(2).

Finally, pursuant to Local Rule 5(g), Respondent is hereby ordered to file a certified English translation of the court document contained at Docket No. 27-11 **on or before April 21, 2016**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 31st day of March, 2016.

>*/S/ Daniel R. Domínguez*
>DANIEL R. DOMÍNGUEZ
>United States District Judge